UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BRIGHTON COLLECTIBLES, INC., | ) | Civil No. 10-0419-AJB(WVG) |
| | ) | |
| Plaintiff, | ) | ORDER DENYING PLAINTIFF'S |
| | ) | APPLICATION TO UTILIZE |
| v. | ) | DEPOSITION AND TRIAL |
| | ) | TESTIMONY GIVEN IN OTHER |
| RK TEXAS LEATHER, INC., et al., | ) | CASES |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

        On October 31, 2011, Plaintiff Brighton Collectibles, Inc.
("Plaintiff") applied to the Court, via letter, to be permitted to
utilize certain deposition and trial testimony given by third party
witnesses in other cases. On November 16, and 23, 2011, Defendants
Joy Max Trading, Inc. and NHW, Inc. ("Defendants") opposed, via
letters, Plaintiff's application. On January 5, 2011, the Court held
a hearing on Plaintiff's application. The Court, having reviewed
Plaintiff's application, Defendants' opposition letters, the
authority cited therein, as well as the supplemental authority cited
at the hearing, and GOOD CAUSE APPEARING, HEREBY DENIES Plaintiff's
application.

10cv0419

I

PRIOR TESTIMONY

Plaintiff seeks to use in this action, testimony given by third party witnesses in previous actions in which it was involved. The testimony and cases in which the testimony was given are as follows:

1. Deposition testimony of Monica Bolin in Brighton Collectibles v. Marc Chantal USA, Case No. 06-1584.

2. Deposition testimony of Richard A. Lewis in Brighton Collectibles v. Marc Chantal USA, Case No. 06-1584.

3. Deposition testimony of Richard A. Lewis in Brighton Collectibles v. Dynasty Designs, Case No. 06-1588.

4. Deposition testimony of Cindy Lombardi in Brighton Collectibles v. Dynasty Designs, Case No. 06-1588.

5. Deposition testimony of Sheila Bell in Brighton Collectibles v. Dynasty Designs, Case No. 06-1588.

6. Deposition testimony of Steven Zamler in Brighton Collectibles v. Dynasty Designs, Case No. 06-1588.

7. Trial Testimony of Amy Delducco in Brighton Collectibles v. Coldwater Creek, Case No. 06-1848.

II

PLAINTIFF'S ARGUMENTS

Plaintiff supports its application by positing the following arguments:

1. The request to utilize the prior testimony is necessary in order to eliminate the undue expense to Plaintiff, of traveling to fives states and taking seven depositions that will duplicate what has already been discovered in similar cases. Fullerform

10cv0419

1   Continuous Pipe Corp. v. American Pipe & Constr. Co., 44 F.R.D. 453

2   (D. AZ 1968);

3          2.  The evidence falls within the hearsay exception under

4   Federal Rule of Evidence 804(b)(1). The prior defendants, Marc

5   Chantal, Dynasty Designs, and Coldwater Creek, are "predecessors in

6   interest" to the current Defendants, as the current Defendants have

7   similar motives to cross-examine the prior witnesses as the prior

8   defendants that questioned the witnesses. Hynix Semiconductor, Inc.

9   v. Rambus, Inc., 250 F.R.D. 452, 458 (N.D. Cal. 2008);

10          3.  The evidence is relevant to establish "secondary meaning"

11   acquired by Plaintiff. Plaintiff notes that prior testimony in prior

12   cases was allowed in subsequent cases, pursuant to the predecessor-

13   in-interest exception to Federal Rule of Evidence 804(b)(1).

14                                    III

15                        DEFENDANTS' ARGUMENTS

16          Defendants oppose Plaintiff's application by arguing:

17          1. The prior testimony is inadmissible hearsay pursuant to

18   Federal Rule of Evidence 801. The testimony may only be admitted

19   when the witness is unavailable; and if the party against whom the

20   testimony is now offered-or, in a civil case, whose "predecessor in

21   interest," had an opportunity and similar motive to develop the

22   testimony by direct, cross-, or redirect examination. Federal Rule

23   of Evidence 804(b)(1).

24          2.  The witnesses are available because Plaintiff asserts

25   that its application allows Defendants the opportunity to depose the

26   witnesses should they choose to do so. However, Plaintiffs must show

27   that the witnesses are unavailable, not only for trial, but for

28   deposition as well, in order to avoid taking a new deposition and

10cv0419

1   admitting  prior  deposition  testimony.  <u>In re Master Key Antitrust</u>

2   <u>Litigation</u>, 72 F.R.D. 108 (D. CT 1976).

3          3.   Marc Chantal, Dynasty Designs, and Coldwater Creek are

4   not  "predecessors  in  interest"  to  any  Defendants  in  this  case.

5   Therefore, Defendants have not had the opportunity to cross-examine

6   the  witnesses  at  the  time  of  the  prior  testimony  and  have  not  had

7   the  opportunity  to  develop  the  testimony.  Therefore,  the  prior

8   testimony  should  not  be  admitted  in  evidence.  Plaintiff  should

9   incur  the  costs  to  depose  the  witnesses  if  it  desires  to  use  the

10  prior  testimony  at  trial,  and  allow  Defendants  the  opportunity  to

11  properly cross-examine the witnesses.

12         4.   Even  though  Plaintiff  frames  its  application  as  an

13  attempt to save costs, granting the application actually shifts the

14  costs  and  burdens  to  Defendants  to  travel  to  various  states  to

15  depose the witnesses.

16                                   IV

17      <u>PLAINTIFF FAILS TO SHOW THAT THE WITNESSES ARE UNAVAILABLE;</u>
        <u>UTILIZING THE PRIOR TESTIMONY IS NOT COST EFFICIENT;</u>
18      <u>THE PRIOR DEFENDANTS ARE NOT "PREDECESSORS IN INTEREST" TO</u>
                        <u>THE CURRENT DEFENDANTS</u>
19
        Federal Rule of Evidence 804 states in pertinent part:
20
        ...
21      (b)  the  following  are  not  excluded  by  the  rule  against
     hearsay if the declarant is *unavailable* as a witness:
22      (1) Testimony that:
        (B) is now offered against a party who had- or, in a civil
23   case, whose *predecessor in interest* had- an *opportunity* and similar
     motive  to  develop  it  by  direct,  cross-,  or  redirect  examination.
24   (emphasis added).

25      A.   <u>The Witnesses Are Available For Deposition</u>

26         Defendants assert, and Plaintiff concedes, that the witnesses

27  from the prior litigations are available for deposition.  Defendants

28  rely on <u>In re Master Key</u>, 72 F.R.D. at 110 n.1 (D. CT 1976), in

10cv0419

which the court found, that for purposes of admitting the prior deposition of a witness in evidence at trial, it was not enough to prove that the witness was unavailable at trial. Rather, the proponent must also show that the witness is unavailable for deposition. Id. However, in that case, the court issued an earlier order that did not contain one witness' name, thereby, making that witness unavailable for trial. The court required a showing that the witness was also unavailable for deposition before admitting in evidence the prior deposition testimony. Id. at 110.

In Affinity Labs of Texas, LLC v. Apple, Inc., 2011 WL 2325231 (N.D. Cal. 2011), the court noted that the proponent must first show that the witnesses were unavailable for trial, however that could not have been known until trial had begun. Id., at *1.

At this time, the court does not know whether Plaintiff has tried to secure these witnesses for trial in the current litigation. Nevertheless, it is unlikely that they will agree to testify at trial on Plaintiff's behalf due to the fact that they reside in states other than California. However, the witnesses are available for their depositions to be taken. Therefore, the Court finds that Plaintiff has failed to show that the witnesses are unavailable, in accordance with Federal Rule of Evidence 804.

B. The Granting of Plaintiff's Application Will Not Result In Economic Efficiency

Plaintiff relies on Fullerform Continuous Pipe Corp. v. American Pipe & Constr. Co., 44 F.R.D. 453 (D. AZ 1968), to support its argument that Defendants' opportunity to depose the witnesses allows admission of their prior testimony. Fullerform provided such relief to avoid needless waste of time, money and effort and to expedite litigation. Id., at 456. Fullerform involved defendants

10cv0419

that were accused of being involved in a conspiracy that was first uncovered in a prior litigation. Id., at 455. Some defendants in Fullerform were also parties to the prior litigation, and the overall deposition examination in the prior litigation focused on an industry-wide conspiracy which gave all the defendants a motive and interest to develop the deposition testimony. Id. Therefore, the court's decision to admit the deposition testimony of 26 prior witnesses was to avoid duplicative work. Granting the Fullerform defendants an opportunity to depose the same witnesses to clarify any ambiguities in the prior testimony rested on judicial and economic efficiency. Id., at 456. When a court entertains admission of prior testimony, the underlying objective is efficiency at trial without jeopardizing accurate fact finding. Hub v. Sun Valley Co., 682 F.2d 776, 778 (9th Cir. 1982).

    Here, Plaintiff's proposal does not actually result in economic efficiency. Plaintiff claims that it should not be required to incur the costs to re-depose the prior witnesses, since it sued the prior defendants for trade dress, copyright and trademark infringement and questioned the witnesses in connection with those claims. Furthermore, Plaintiff contends that the prior defendants had similar motives and interests as the current Defendants to develop the prior witnesses' testimony.

    However, the court finds that each prior suit was specific to the prior defendants and the products that they designed, manufactured and marketed. Unlike Fullerform, Plaintiff does not allege a conspiracy between the prior and current Defendants. Further, Plaintiff asserts that the current Defendants have the opportunity to depose the prior witnesses, but does not identify any particular

10cv0419

1   issues explored in the prior depositions that the Court should
2   consider to be fully developed, in order to efficiently limit the
3   scope of any subsequent depositions. Therefore, Plaintiff's
4   application does not propose a remedy that is efficient in time,
5   money or effort, or expedites litigation, for anyone except itself.
6   As a result, as a matter of efficiency, the Court cannot limit the
7   scope of any future depositions.

8           C.   Marc Chantal, Coldwater Creek & Dynasty Designs Are Not
                 "Predecessors in Interest" To The Current Defendants
9

10       A "predecessor in interest" is a party that has had an
11   opportunity and similar motive to develop the testimony by direct,
12   cross-, or redirect examination, in the previous proceeding. United
13   States v. Geiger, 263 F.3d 1034, 1038 (9th Cir. 2001). Instead of a
14   formalistic privity-based test of whether a party is a "predecessor
15   in interest," the test is "inherently factual" and depends on the
16   similarity of issues and context of questioning. Privity is not the
17   gravamen of the analysis. Instead, the party against whom the prior
18   deposition is offered must point to distinctions in its case not
19   evident in the earlier litigation that would preclude similar
20   motives of the witness' examination. In Hub, supra at 778 n.*, the
21   court found "troubling" a rule that accepts, as a substitute for the
22   present opponent's examination, a prior adversary's examination in
23   a prior proceeding when the adversary had an interest to induce a
24   thorough testing by examination. The court stated such an approach
25   fails to take into account that the adversary in the prior proceed-
26   ing is not the same as the adversary in the current proceeding and
27   the possibility that the prior adversary mishandled the cross-
28   examination. Id.

10cv0419

1        Here, the current Defendants were not parties to the actions

2   against prior defendants Marc Chantal, Dynasty Designs or Coldwater

3   Creek. Therefore, those prior defendants did not question the

4   witnesses about the current Defendants' products, or the design or

5   marketing thereof. As a result, a "predecessor in interest"

6   relationship has not been formed. In the prior cases, Plaintiff sued

7   the prior defendants for selling products that were similar to

8   Plaintiff's products such that they infringed upon its trade dress,

9   trademarks and copyrights. Though Plaintiff's prior claims may be

10  similar and perhaps identical to the current claims, at issue in

11  each prior case was whether the prior defendants' conduct resulted

12  in the harm that Plaintiff claimed. Each party owned, created and

13  distributed their own products. Unlike the cases that Plaintiff

14  cites regarding similar motives and interest to depose prior

15  witnesses, the prior testimony here was as to specific and distinct

16  actions regarding different infringing products. The majority of the

17  prior testimony that Plaintiff seeks to utilize discuss the specific

18  actions of the prior defendants. The prior defendants had no

19  interest in developing the testimony when statements were made

20  regarding the specific actions of the current Defendants. Therefore,

21  the prior defendants are not "predecessors in interest" to the

22

23

24  current Defendants because they did not have similar motives and

25  interests in developing the testimony.[1] Hub, supra, at 778.

26

27       [1]The cases cited by Plaintiff at the hearing, Runge v. Stanley Fastening Systems, 2011 WL 6755161 (S.D. IN 2011) and Pesterfield v. Sunbeam Corp., 2005 WL 1076293 (E.D. TN 2005), are clearly distinguishable. In those cases, the proponent

28  wanted to use deposition testimony given in prior cases in which the defendants in the prior cases were parties. Here, Plaintiffs seeks to utilize prior testimony in cases in which the current Defendants were not parties.

10cv0419

1        As a result of the foregoing, Plaintiff's application to

2    utilize deposition and trial testimony given in other cases is

3    DENIED. If Plaintiff so chooses, it may depose the witnesses noted

4    in Section I of this Order. At the depositions, Defendants may

5    cross-examine the witnesses with respect to issues raised in this

6    action.

7

8

9

10   DATED:   January 11, 2012

11

12                                    _____

13                                    Hon. William V. Gallo
                                      U.S. Magistrate Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

10cv0419