UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

BRIGHTON COLLECTIBLES, INC.,

Plaintiff,

v.

RK TEXAS LEATHER MFG., INC., et al.,

Defendants.

Civil No. 10-0419-AJB(WVG)

ORDER GRANTING IN PART AND DENYING IN PART JOINT MOTION TO EXTEND CASE DEADLINES (DOC. # 120)

THIRD AMENDED CASE MANAGEMENT CONFERENCE ORDER REGULATING DISCOVERY AND OTHER PRETRIAL PROCEEDINGS

(Fed. R. Civ. P. 16)
(Local Rule 16.1)
(Fed. R. Civ. P. 26)

The Joint Motion To Extend Case Deadlines (Doc. # 120) is GRANTED in part and DENIED in part. The Second Amended Case Management Conference Order, dated July 1, 2011, is hereby amended as follows:

IT IS HEREBY ORDERED:

1. On or before February 21, 2012, all parties shall exchange with all other parties a list of all expert witnesses expected to be called at trial. The list shall include the name, address, and phone number of the expert and a brief statement identifying the subject areas as to which the expert is expected to testify. The list shall also include the normal rates the expert charges for deposition and trial testimony. On or before March 5, 2012, any party may supplement its designation in response to any other party's designation so long as that party has not previously

retained an expert to testify on that subject.

2. Each expert witness designated by a party shall prepare a written report to be provided to all other parties **no later than** April 2, 2012, containing the information required by Fed. R. Civ. P. 26(a)(2)(A) and (B).

**Except as provided in paragraph 4, below, any party that fails to make these disclosures shall not, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial. In addition, the Court may impose sanctions as permitted by Fed. R. Civ. P. 37(c).**

3. Any party, through any expert designated, shall in accordance with Fed. R. Civ. P. 26(a)(2)(C) and Fed. R. Civ. P. 26(e), supplement any of its expert reports regarding evidence intended solely to contradict or rebut evidence on the same subject matter identified in an expert report submitted by another party. Any such supplemental reports are due on or before April 23, 2012.

4. All discovery pertaining to facts, shall be completed on or before March 9, 2012. All discovery pertaining to expert witnesses, shall be completed on or before May 22, 2012. *"Completed"* means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure must be initiated a sufficient period of time in advance of the cut-off date, so *that it may be completed* by the cut-off date, taking into account the times for services, notice, and response as set forth in the Federal Rules of Civil Procedure. All disputes concerning discovery shall be brought to the attention of the Magistrate Judge no later than thirty (30) days following the date upon which the event giving rise to the discovery dispute occurred. Counsel shall meet and confer pursuant to the requirements of Fed. R. Civ. P. 26 and Local Rule 26.1(a).

5. All motions, other than motions to amend or join parties, or motions in limine, **SHALL BE FILED** on or before July 6, 2012.[1/]

Motions will not be heard or calendared unless counsel for the moving party has obtained a motion hearing date from the law clerk of the judge who will hear the motion. **Be**

1 Counsel should note that while historically motion cut-off deadlines issued by this Court were deadlines for motion hearings, the motion cut-off dates now being issued establish deadlines for the parties to file motions.

**advised that the parties must file their moving papers within three (3) days of receiving the motion hearing date from the Court. Be further advised that the period of time between the date you request a motion date and the hearing date may be up to six weeks. Please plan accordingly**. For example, you may need to contact the judge's law clerk at least six weeks in advance of the motion cut-off to calendar the motion. Failure of counsel to timely request a motion date may result in the motion not being heard. **Motions will not be heard on the above date unless you have obtained that date in advance from the judge's law clerk**.

6. Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without permission of the judge or magistrate judge who will hear the motion. No reply memorandum shall exceed ten (10) pages without leave of the judge or magistrate judge who will hear the motion.

7. A Mandatory Settlement Conference shall be conducted on March 28, 2012, at 9:00 AM the chambers of Magistrate Judge William V. Gallo. Counsel shall submit **confidential** settlement statements **directly to chambers** no later than March 21, 2012. Each party's settlement statement shall set forth the party's statement of the case, identify controlling legal issues, concisely set out issues of liability and damages, and shall set forth the party's settlement position, including the last offer or demand made by that party, and a separate statement of the offer or demand the party is prepared to make at the settlement conference. **Settlement conference briefs shall not be filed with the Clerk of the Court, nor shall they be served on opposing counsel. Settlement conference briefs shall comply with the undersigned's Chambers Rules.** The Settlement Conference set for February 28, 2012 at 9:00 AM is VACATED.

8. Pursuant to Local Civil Rule 16.3, all party representatives and claims adjusters for insured defendants with full and unlimited authority[2/] to negotiate and enter into a binding

---

2 "Full authority to settle" means that the individuals at the settlement conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. Pitman v. Brinker Intl., Inc., 216 F.R.D. 481, 485-486 (D. Ariz. 2003). The purpose of requiring a person with unlimited settlement authority to attend the conference includes that the person's view of the case may be altered during the face to face conference. Id. at 486. A limited or a sum certain of authority is not adequate. Nick v. Morgan's Foods, Inc., 270 F.3d 590 (8th Cir. 2001).

settlement, as well as the principal attorney(s) responsible for the litigation, must be present and legally and factually prepared to discuss and resolve the case at the mandatory settlement conference. Retained outside corporate counsel shall not appear on behalf of a corporation as the party who has the authority to negotiate and enter into a settlement. For good cause, and on ex parte application at least one week before the scheduled settlement conference, Magistrate Judge Gallo may excuse a party or representative from personal attendance provided such party or parties will be available by telephone during the conference. Failure to attend the conference or obtain proper excuse will be considered grounds for sanctions.

9. In order to identify the claims to be tried and eliminate delay and surprise at trial, the Court enters the following pretrial order pursuant to Fed.R.Civ.P. 16. This order replaces the requirements under Local Rule 16.1(f)(2). No Memoranda of Law or Contentions of Fact are to be filed except in a bench trial.

10. All parties or their counsel shall fully comply with the Pretrial Disclosure requirements of Fed. R. Civ. P. 26(a)(3) on or before October 12, 2012. **Failure to comply with these disclosures requirements could result in evidence preclusion or other sanctions under Fed. R. Civ. P. 37.**

11. Pursuant to Local Civil Rule 16.1 (f)(4), on or before October 19, 2012, the parties shall meet and confer and prepare a proposed pretrial order containing the following:

a. A statement to be read to the jury, not in excess of one page, of the nature of the case and the claims and defenses.

b. A list of the causes of action to be tried, referenced to the Complaint and Counterclaim. For each cause of action, the order shall succinctly list the elements of the claim, damages and any defenses. A cause of action in the Complaint or Counterclaim which is not listed shall be dismissed with prejudice.

c(1). A list of each witness that counsel actually expects to call at trial with a brief statement, not exceeding four sentences, of the substance of the witnesses' testimony.

c(2). A list of each expert witness that counsel actually expects to call at trial with a brief statement, not exceeding four

sentences, of the substance of the expert witnesses' testimony.

c(3). A list of additional witnesses including experts that counsel do not expect to call at this time but reserve the right to call at trial along with a brief statement, not exceeding four sentences, of the substance of the witnesses' testimony.

d(1). A list of all exhibits that counsel actually expect to offer at trial with a one-sentence description of the exhibit.

d(2). A list of all other exhibits that counsel do not expect to offer at this time but reserve the right to offer if necessary at trial with a one-sentence description of the exhibit.

e. A statement of all facts to which the parties stipulate. This statement shall be on a separate page and will be read to and provided to the jury. The parties are directed to meet with the assigned magistrate judge to work out as many stipulations of fact as possible.

f. A list of all deposition transcripts by page and line, or video tape depositions by section, that will be offered at trial. The proponent of the deposition shall prepare a copy of all portions to be read or played to the jury.

g. The parties shall prepare proposed jury instructions (if trial by jury) on the substantive claims, damages and defenses. One set of proposed instructions shall be given to the court. If the parties disagree on an instruction, the alternative instructions shall be submitted.

h. The parties shall prepare a proposed jury verdict form.

The Court encourages the parties to consult with the assigned magistrate judge to work out any problems in preparation of the proposed pretrial order. The court will entertain any questions concerning the conduct of the trial at the pretrial conference.

12. The proposed final pretrial conference order, including objections they have to any other parties' Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures shall be prepared, served and lodged with the Clerk of the Court on or before October 26, 2012, and shall be in the form prescribed in and in compliance with Local Rule 16.1 (f)(6). Counsel shall also bring a court copy of the pretrial order to the pretrial conference.

13. The final pretrial conference shall be held before the Honorable Anthony J. Battaglia, United States District Court Judge, on November 2, 2012, at 1:30 PM.

14. The dates and times set forth herein will not be further modified except for good cause shown.

15. Plaintiff's counsel shall serve a copy of this order on all parties that enter this case hereafter

DATED: January 11, 2012

Hon. William V. Gallo
U.S. Magistrate Judge