UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BRIGHTON COLLECTIBLES, INC., a Delaware corporation, | ) ) ) | Civil No. 3:10-cv-00419 AJB (WVG) |
| Plaintiff, | ) ) | ORDER DENYING MOTION TO |
| v. | ) ) | TRANSFER VENUE |
| RK TEXAS LEATHER MFG., INC. d/b/a TEXAS LEATHER MANUFACTURING, a Texas corporation, et al., | ) ) ) ) | [Doc. No. 106] |
| Defendants. | ) ) ) | |

On February 4, 2010, Plaintiff Brighton Collectibles, Inc., ("Plaintiff") filed its original complaint against RK Texas Leather Mfg., Inc. ("Texas Leather") and unknown Doe defendants.  (Doc. No. 1.)  Plaintiff's complaint asserts a claim of copyright infringement.  *Id.*  On December 6, 2010, Texas Leather filed a third party complaint against K&L Imports, Inc.; NHW Inc. d/b/a Sensetrading Co.; YK Trading, Inc.; JC NY; Joy Max Trading, Inc.; AIF Corporation d/b/a Global Time Interna- tional, Lucky-7 International; and Time World.  (Doc. No. 17.)  On February 28, 2011, Plaintiff filed a First Amended Complaint ("FAC") against each of Texas Leather's above named suppliers.  (Doc. No. 51.)  On November 30, 2011, Defendants K&L Imports, Inc., NHW, Inc., and Joy Max Trading, Inc. filed a motion to transfer this action to the Central District of California.  (Doc. No. 106.)  On December 21, 2011, Plaintiff filed a response in opposition.  (Doc. No. 112.)  On January 4, 2012, Defendant filed

10cv419

1   a reply.  (Doc. No. 115.)  The hearing set for March 9, 2012 at 1:30 p.m. before Judge Battaglia is

2   hereby VACATED as this Court finds this motion appropriate for submission on the papers without oral

3   argument pursuant to Civil Local Rule 7.1.d.1.  For the reasons set forth below, the Defendants' motion

4   to transfer venue and is hereby DENIED.  Defendants' request for judicial notice[1] is GRANTED in part

5   and DENIED in part.

## I. BACKGROUND

7       In the complaint, Plaintiff alleges that at least seventeen different Texas Leather products

8   infringed on Plaintiff's existing copyrights and trade dress with respect to similar wallets, handbags, and

9   other fashion accessories. (Doc. No. 1.)  On February, 24, 2010, Plaintiff filed a Notice of Related Cases

10  to provide notice that several other cases on file in this Court also involved Brighton Collectibles, Inc. as

11  a plaintiff alleging infringement of intellectual property rights by the sale of fashion accessories similar

12  to those sold by Brighton. (Doc. No. 3.)  In Plaintiff's FAC filed on February 28, 2011, Plaintiff

13  reasserted the claims originally made against Texas Leather against each of the third party defendants

14  named in Texas Leather's third party complaint.  (Doc. No. 51.)  On March 15, 2011, this case was

15  transferred from Judge Marilyn L. Huff to Judge Anthony J. Battaglia.  (Doc. No. 56.)

## II. LEGAL STANDARD

17      Under 28 U.S.C. 1404(a), "for the convenience of parties and witnesses, in the interest of justice,

18  a district court may transfer any civil action to any other district or division where it might have been

19  brought."  A district court has discretion "to adjudicate motions for transfer according to an 'individual-

---

22      [1]Defendants' request for judicial notice, (Doc. No. 113), is granted to the extent that the
Defendants seek judicial notice of proceedings identified in Exhibits A-D that were filed in United
23  States District Court in the Central District of California.  To the extent Defendants' request for judicial
notice asks this Court to recognize the findings of fact in the cases set forth in Exhibits A-D the
Defendants' request is denied because this would be inappropriate under Federal Rule of Evidence 201.
24  Taking judicial notice of findings of fact from another case exceeds the limits of Rule 201.  *See M/V Am.
Queen v. San Diego Marine Constr. Corp.*, 708 F.2d 1483, 1491 (9th Cir.1983) (stating general rule that
25  "a court may not take judicial notice of proceedings or records in another cause so as to supply, without
formal introduction of evidence, facts essential to support a contention in a cause then before it").
26  Other circuits have held that a court may not take judicial notice of findings of fact from a different case
for their truth. *Taylor v. Charter Med. Corp.*, 162 F.3d 827, 830 (5th Cir.1998)*; Int'l Star Class Yacht
27  Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.*, 146 F.3d 66, 70 (2d Cir.1998); *Gen. Elec. Capital Corp. v.
Lease Resolution Corp.*, 128 F.3d 1074, 1082-83 & n. 6 (7th Cir.1997); *Orix Credit Alliance, Inc. v.
28  Delta Res., Inc.* (In re Delta Res., Inc.), 54 F.3d 722, 726 (11th Cir.1995); *United States v. Jones*, 29
F.3d 1549, 1553 (11th Cir.1994); *Holloway v. Lockhart*, 813 F.2d 874, 878-79 (8th Cir.1987).

10cv419

1   ized, case-by-case consideration of convenience and fairness.'" *Jones v. GNC Franchising, Inc.*, 211

2   F.3d 495, 498 (9th Cir. 2000), citing *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988).   To transfer a

3   case pursuant to section 1404(a) "requires two findings – that the district court is one where the action

4   'might have been brought' and that the 'convenience of parties and witnesses in the interest of justice'

5   favor transfer."  *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414 (9th Cir. 1985).

6        Section 1404(a) "partially displaces the common law doctrine of *forum non conveniens*."

7   *Decker Coal Co. v Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).  Accordingly, in

8   deciding motions to transfer, courts "should consider private and public interest factors affecting the

9   convenience of the forum."  *Id.*; *see Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 (1981).  The party

10  seeking transfer "must make a strong showing of inconvenience to warrant upsetting the plaintiff's

11  choice of forum."  *Decker Coal Co.*, 805 F.2d at 843.  Courts typically consider private factors including

12  "relative ease of access to sources of proof; availability of compulsory process for attendance of

13  unwilling, and the cost of obtaining attendance of willing, witnesses; . . . and all other practical problems

14  that make trial of a case easy, expeditious and inexpensive."  *Id.*  In addition, courts also consider

15  relevant public factors, such as court congestion and local interest.  *Id.*

16                        **III. DISCUSSION**

17       As set forth above, the party seeking transfer "must make a strong showing of inconvenience to

18  warrant upsetting the plaintiff's choice of forum."  *Decker Coal Co.*, 805 F.2d at 843.  "[U]nless the

19  balance of factors is strongly in favor of the defendants, the plaintiff's choice of forum should rarely be

20  disturbed."  *Securities Investor Protection Corp. v. Vigman*, 764 F.2d 1309, 1317 (9th Cir. 1985).  Upon

21  review of the parties arguments and moving papers, the Court finds the Defendants' motion fails to

22  establish that transfer would be in the interest of justice for several reasons.

23       First, Defendants' allegations that Plaintiff engaged in forum shopping are not persuasive.

24  Plaintiff has filed several related suits in the Southern District of California.  (Doc. No. 3.)  In fact, many

25  of the exact same copyrighted designs at issue in this case were at issue in the Related Cases.  (Doc. No.

26  3.)  In at least two instances, this Court has denied similar motions to transfer suits also involving

27  Brighton's copyright infringement claims to the Central District.  See *Brighton Collectibles, Inc.  v.*

28  *Pedre Watch Company,* Case No. 11-00637 (*Pedre*); *Brighton Collectibles, Inc.  v. Bi-Lo, LLC*, Case

10cv419

No. 07 CV-1073 (*Bi-Lo*).  Since the filing of the instant case, Plaintiff has filed at least one other related

case in the Southern District involving a copyrighted design, which is also at issue in the instant case.

*See Brighton Collectibles, Inc. v. Winston Brands, et. al.*, Case No. 11-CV-02191.  Defendants argue

that related Central District cases,[2] which were filed more than eleven years ago, have more Brighton

copyright designs in common with the instant case than any of the Brighton cases filed in the Southern

District.  (Doc. No. 114, Exhibit A.)  The Court finds Defendants' argument unpersuasive since most of

the Brighton copyright designs at issue in the instant case have also been at issue in at least one of the

Related Cases in the Southern District.  (Doc. No. 3.)  Furthermore, Defendant fails to acknowledge that

several Brighton copyright designs[3] at issue in the instant case were not at issue in any of the named

Central District cases.  (Doc. No. 114, Exhibit A.)  A plaintiff's choice of forum receives minimal

consideration only if "operative facts have not occurred within the forum and the forum has no interest

in the parties or subject matter[.]" *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987).  Defendants,

however, concede that venue is proper in any district where confusion about Plaintiff's product

allegedly occurred.  (Doc. No. 106, at 5.)  Furthermore, Defendants admit that sales of both Brighton's

products, and of the allegedly infringing products, have taken place in the Southern District.  Therefore,

at least some operative facts have occurred in the Southern District.

       Second, Defendants have not demonstrated that the private factors weigh in favor of transfer.

"The party seeking transfer cannot rely on vague generalizations as to the convenience factors.  The

moving party is obligated to identify the key witnesses to be called and to present a generalized

statement of what their testimony would include." *Florens Container v. Cho Yang Shipping*, 245

F.Supp. 2d 1086, 1093 (N.D. Cal. 2002).  Moving Defendants fail to provide a generalized statement as

to the content of the key witnesses testimony beyond a single claim that four of Brighton's witnesses

---

[2] *Leegin Creative Leather Products v. Belts by Nadim*, Case No. CV 99-13541; *Leegin Creative Leather Products v. Fine Watches Corporation, et. al.*, Case No. CV 00-02855; *Leegin Creative Products, Inc. v. Ayama Industrial Company, Ltd., et. al.*, Case No. CV 00-12708.

[3] The chart contained in Exhibit A (Doc. No. 114) is misleading to the extent that it omits several copyright designs that are at issue in the present case.  For example, Brighton copyright designs "Callie," "Camden," "Dublin," "Essex," "Madison," and "Pasadena" are at issue in the present case and were also at issue in at least one of the Related Cases (Doc. No. 3) filed in the Southern District but these designs were omitted from Defendants' chart.

10cv419

1  "can testify to the design of its disputed intellectual property."  (Doc. No. 106, at 8.)  Similarly,

2  Defendants have not demonstrated why the Central District would be more convenient than the Southern

3  District for the six Defendants headquartered in Texas or the one Defendant headquartered in New

4  Jersey.  Although relevant evidence may be currently located in the Central District, Defendants make

5  no showing that this evidence cannot be easily accessed in the Southern District. *See Costco Wholesale*

6  *Corp. v. Liberty Mut. Ins. Co.*, 472 F.Supp.2d 1183, 1195 (S.D. Cal. 2007) (denying transfer where a

7  defendant did not "claim any difficulty in transferring documentary evidence from its Pennsylvania and

8  Massachusetts offices to the Southern District.").

9  　　　　Finally, Defendants have not demonstrated that the relevant public factors weigh in favor of

10  transfer.  Defendants' argument that the Central District has a greater local interest in this case rests

11  primarily on the fact that Defendant K&L, the alleged sole supplier of the infringing products and one of

12  the nine named defendants, resides in the Central District.  Plaintiff, however, has presented evidence

13  that each of the allegedly infringing products was sold in the Southern District.  Customers and

14  Plaintiff's stores have a presence in this district and therefore presumably have an equally valid interest

15  in the proper resolution of this case.  Defendants' contention that the court congestion factor weighs in

16  favor of transfer is not persuasive.  "The key inquiry in docket congestion is 'whether a trial may be

17  speedier in another court because of its less crowded docket.'" *Costco Wholesale Corp.*, 472 F.Supp.2d

18  at 1196.  Defendants rely on a single statistic to support its contention that court congestion is greater in

19  the Southern District. (Doc. No. 106, at 10.)  However, Plaintiff's data shows several other statistics that

20  suggest the Central District is more congested.  (Doc. No. 112, at 23-24.)  Based upon the foregoing, the

21  Court finds that Defendants' motion fails to demonstrate that the interest of justice would be best served

22  by transfer of venue.

23  //

24  //

25  //

26  //

27  //

28  //

5

10cv419

1

**IV. CONCLUSION**

2      Based upon the foregoing, the Defendants' motion to transfer venue, (Doc. No. 106), is DENIED

3   and the Defendants' request for judicial notice, (Doc. No. 113), is GRANTED in part and DENIED in

4   part.

5

6   DATED:  March 6, 2012

7                                        _____

8                                        Hon. Anthony J. Battaglia
                                         U.S. District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28