# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIGHTON COLLECTIBLES, INC., <br><br> Plaintiff, <br> vs. <br><br> RK TEXAS LEATHER MFG; K & L IMPORTS, INC.; et al., <br><br> Defendants; <br><br> and related cross claims. | CASE NO. 10-CV-419-GPC (WVG) <br><br> ORDER DENYING IN PART AND GRANTING IN PART MOTIONS TO SEAL AND GRANTING JOINT MOTION TO EXCEED PAGE LIMITS |

This copyright infringement action was transferred to the under-signed with five fully-briefed motions for summary judgment and two *Daubert* motions. [Doc. Nos. 136, 144, 160, 163, 170, 174, 187] The Court will notify the parties if a hearing will be necessary; however, in the interim, the motions are submitted on the briefs.

A. <u>Motions to Seal Memorandum and Exhibits</u>

There is a presumptive right of public access to court records based upon the common law and the first amendment. *See Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 597 (1978); *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1212-13 (9th Cir. 2002). Nonetheless, access may be denied to protect sensitive confidential information. Courts are more likely to protect information covered by Rule 26(c) of the Federal Rules of Civil Procedure, but are not limited by items listed in protective orders. *E.g., KL Group v. Case, Kay, & Lynch*, 829 F.2d 909, 917-19 (9th Cir. 1987) (letter to

client from attorney); *Kalinauskas v. Wong*, 151 F.R.D. 363, 365-67 (D. Nev.1993) (confidential settlement agreement).

Parties seeking a sealing order must provide a specific description of particular documents and affidavits showing good cause to protect those documents from disclosure. Documents filed under seal will be limited to <u>only those documents, or portions thereof, necessary to protect such sensitive information.</u>[1]

The Court has reviewed the attorneys' declarations, examined the exhibits, and determined that they are appropriately sealed because they contain confidential information. For good cause shown, the Court grants Plaintiff Brighton Collectibles, Inc.'s motion to file under seal exhibit 42 to Jerry Kohl's declaration in connection with its opposition brief to Defendants' motion for summary judgment. [Doc. No. 198]. <u>Plaintiff's counsel shall promptly deliver a courtesy copy of exhibit 42 to chambers.</u>

Similarly, the Court grants in part the remaining motions to seal only to the extent that they cover exhibits, including: Defendant Joymax Trading, Inc.'s exhibits P, Q, and S to Lacey Rice's declaration [Doc. No. 138]; David Swift's declaration with exhibits [Doc. No. 157]; and Defendant YK Trading, Inc.'s exhibits A and C to James Monagle's declaration. [Doc. No. 186]

The Court denies the motions to the extent that the parties seek to seal their memorandum of points of authorities. [Doc. Nos. 138, 157, 186] Most of the information in the legal briefs can be disclosed to the public without violating the protective order. The Court instructs counsel to redact only those portions of the brief that disclose confidential information and to file a redacted brief on the public record within fourteen days of the filing of this order.

B. <u>Joint Motion to Exceed Page Limits</u>

For good cause shown, the Court grants the joint motion for leave to exceed the page

---

[1] Any member of the public may challenge the sealing of any particular document. *See Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 944-45 (7th Cir. 1999).

1 | limits on the opening, opposition, and reply briefs on the motion for summary judgment on
2 | the copyright infringement claim. [Doc. No. 183]
3 |     **IT IS SO ORDERED**.

5 | DATED: November 14, 2012

HON. GONZALO P. CURIEL
United States District Judge