1

2

3

4

5

6

7

8

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

9    BRIGHTON COLLECTIBLES, INC.,          CASE NO. 10-CV-419-GPC (WVG)

10                                Plaintiff,    **ORDER DENYING**
                                              **DEFENDANTS K&L IMPORTS,**
11         vs.                                **INC.; NHW, INC; JOYMAX**
                                              **TRADING, INC.; AND YK**
12                                            **TRADING, INC.'S MOTION TO**
     RK TEXAS LEATHER MFG; K & L              **SEVER CLAIMS FOR TRIAL**
13   IMPORTS, INC.; et al.,
                                              [Dkt. No. 232.]
14                               Defendants,

15   and related cross claims.

16

17         On March 8, 2013, Defendants K&L Imports, Inc.; NHW, Inc.; Joy Max

18   Trading, Inc.; and YK Trading, Inc. (collectively "Handbag Defendants")[1] filed a

19   motion to sever claims for infringement of handbag designs from the watch designs for

     trial.  (Dkt. No. 232.)

20         On April 12, 2013, Plaintiff and AIF Corporation, a Watch Defendant, filed their

21   oppositions.  (Dkt. Nos. 242, 243.)  On April 23, 2013, Defendant RK Texas Leather

22   Mfg., Inc. filed a notice of joinder in Plaintiff's opposition.  (Dkt. No. 244.)

23         On April 26, 2013, Defendants Joymax Trading, Inc. filed a reply in support of

24   the motion to sever claims.  (Dkt. No. 245.)  Defendants K & L Imports, Inc., NHW,

25   Inc. and YK Trading, Inc. filed their reply.  (Dkt. No. 246.)  On April 26, 2013,

26   Defendant Joymax Trading, Inc. ("Joymax") also filed a notice of joinder in Defendants

27

28         [1]Handbag Defendants concede that severance is not a perfect solution and raises but does not
     argue that bifurcation could be another approach for the Court to handle this case.

K&L Imports, Inc., NHW, Inc. and YK Trading, Inc.'s reply.  (Dkt. No. 247.)  The motions are submitted on the papers without oral argument pursuant to Civil Local Rule 7.1(d)(1).  After a review of the briefs, supporting documentation, and applicable law, the Court DENIES Handbag Defendants' motion to sever claims for trial.

## Background

Plaintiff Brighton Collectibles, Inc. ("Brighton") manufactures and sells women's fashion accessories, including handbags and watches.  Plaintiff has registered its hardware designs as copyrights. Handbag Defendants consist of K&L Imports, Inc.; NHW, Inc.; Joy Max Trading, Inc.; and YK Trading, Inc.  Watch Defendants include Defendants JCNY[2] and AIF Corporation.  Certain copyrighted designs are used on both handbags and watches.

On February 24, 2010, Brighton filed its original complaint against Defendant RK Texas Leather Mfg., Inc. ("Texas Leather").  (Dkt. No. 1.)  On December 6, 2010, Texas Leather filed a third party complaint against K&L Import, Inc.; NHW, Inc. d/b/a/ Sense Trading Co.; YK Trading, Inc.;  JC NY; Joy Max Trading, Inc.; and AIF Corporation d/b/a Global Time International, Lucky-7 International and Time World. (Dkt. No. 17.)

On February 28, 2011, Plaintiff filed a first amended complaint.  (Dkt. No. 51.) On August 31, 2011, Plaintiff filed a second amended complaint against ("SAC") against Defendants Texas Leather; Richard Ohr, Texas Leather's owner; K&L Imports, Inc.; NHW, Inc.; YK Trading, Inc.; Joy Max Trading, Inc.; and AIF Corporation. (Dkt. No. 87.)  The SAC alleges causes of action for copyright infringement; trade dress infringement; false designation of origin; common law unfair competition; statutory unfair competition; and trademark infringement.  (Id.)  On November 8, 2011, Defendant Richard Ohr filed a cross claim against K&L Imports, Inc.; NHW, Inc.; Joy Max Trading, Inc., YK Trading, Inc.; JCNY and AIF Corporation.  (Dkt. No. 101.)

---

[2]Plaintiff does not bring a cause of action against JCNY as a defendant in the second amended complaint.  JCNY is a cross defendant in the cross claim filed by Defendant Richard Ohr.  (Dkt. No. 101.)

1    On March 8, 2013, Handbag Defendants moved to sever claims for infringement

2    of handbag designs from the watch designs for trial.  (Dkt. No. 232.)  Brighton, Texas

3    Leather and AIF oppose.  (Dkt. Nos. 242, 243, 244.)  Handbag Defendants filed a

4    reply.  (Dkt. No. 245, 245, 246, 247.)

5                                            **Discussion**

6    **I.    Legal Standard**

7    Under Federal Rule of Civil Procedure ("Rule") 20(a)(2), permissive joinder of

8    defendants is proper if:  "(A) any right to relief is asserted against them jointly,

9    severally, or in the alternative with respect to or arising out of the same transaction,

10   occurrence, or series of transactions or occurrences; and (B) any question of law or fact

11   common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a)(2)(A).  The

12   permissive joinder rule "is to be construed liberally in order to promote trial

13   convenience and to expedite the final determination of disputes, thereby preventing

14   multiple lawsuits."  League to Save Lake Tahoe v. Tahoe Reg'l Planning Agency, 558

15   F.2d 914, 917 (9th Cir. 1997).  The purpose of Rule 20(a) is to address the "broadest

16   possible scope of action consistent with fairness to the parties; joinder of claims, parties

17   and remedies is strongly encouraged."   United Mine Workers of Am. v. Gibbs, 383

18   U.S. 715, 724 (1966).

19   "The 'same transaction' requirement of Rule 20 refers to 'similarity in the factual

20   background of a claim; claims that arise out of a systematic pattern of events' and have

21   a 'very definite logical relationship.'"  Hubbard v. Hougland, No. 09-0939, 2010 U.S.

22   Dist. WL 1416691, at *7 (E.D. Cal. Apr. 5, 2010) (quoting Bautista v. Los Angeles

23   County, 216 F.3d 837, 842-843 (9th Cir. 2000)).  In addition, "the mere fact that all [of

24   a plaintiff's] claims arise under the same general law does not necessarily establish a

25   common question of law or fact."  Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir.

26   1997).  The court has broad discretion to determine whether severance is permitted.

27   Coleman v. Quaker Oats, Co., 232 F.3d 1271, 1297 (9th Cir. 2000).

28   However, "even once [the Rule 20(a)] requirements are met, a district court must

examine whether permissive joinder would 'comport with the principles of fundamental fairness' or would result in prejudice to either side." Id. at 1296 (citing Desert Empire Bank v. Insurance Co. of North America, 623 F.2d 1371, 1375 (9th Cir. 1980) (finding that the district court did not abuse its discretion when it severed certain plaintiff's claims without finding improper joinder)).   Under Rule 20(b), the district court may sever the trial in order to avoid prejudice.   Coleman, 232 F.3d at 1296.

Rule 21 provides that "[t]he court may . . . sever any claim against a party." Fed. R. Civ. P. 21.  A court may sever a trial under Rule 21 even if the parties are properly joined under Rule 20(a).  Zaldana v. KB Home, C-08-3399 MMC, 2010 WL 4313777, at * 1 (N.D. Cal. Oct. 26, 2010). The party seeking separate trials bears the burden of proving that separation of the claims is necessary.  See Roger–Vasselin v. Marriott Int'l, Inc., No. C04-4027 TEH, 2006 WL 1506926, at *1 (N.D. Cal. 2006).

Handbag Defendants allege that the claims concerning the handbags in the second amended complaint do not arise out of the same transaction, occurrence or series of transaction as the claims concerning the watches.  They do not dispute that there are common questions of fact and law.

**II.    Federal Rule Civil Procedure 20(a)(2)**

**A.    Arising out of the Same Transaction, Occurrence, or Series of Transactions or Occurrences**

Handbag Defendants argue that the claims of infringement of handbags do not arise from the same transaction, occurrence, or series of transactions as the claims of infringement of the watches as there is no fact overlap.  The only connection between the two groups is Texas Leather, the retailer that sold both watches and handbags.  The products and suppliers are different.

Plaintiff opposes[3] arguing that it is suing in one action both the importers and the

---

[3]Brighton also argues that moving Defendants have waived their right to argue misjoinder. Brighton's argument and caselaw do not support its waiver contention. Accordingly, the Court concludes that the Handbag Defendants have not waived their right to move to sever for purposes of trial.

10-CV-419

wholesalers of the same infringing goods.  It contends that Texas Leather acted in concert with the Handbag Suppliers and Watch Suppliers to distribute products that infringe Brighton's copyrights.  Therefore, Texas Leather and Handbag Suppliers are jointly liable for the infringement of Brighton's copyright; and Texas Leather and the Watch Supplies are also jointly liable for the infringement of Brighton's copyright.  It contends that these claims are "logically related" and arise out of the same "series of transaction or occurrences."

Defendant AIF, a Watch Defendant, also opposes the motion and contends that the handbags and watches were supplied by Defendants to Texas Leather and then sold by Texas Leather.  In addition, for each Texas Leather product that Brighton alleges infringes one of its copyrights and trade dress, Texas Leather allegedly received that product from a cross defendant which satisfies the transaction or occurrence requirement.

"The Ninth Circuit has interpreted the phrase 'same transaction, occurrence, or series of transactions or occurrences' to require a degree of factual commonality underlying the claims." Bravado Int'l Group Merch. Servs. v. Cha, No. CV 09-9066 PSG(CWx), 2010 WL 2650432, at *4 (C.D. Cal. June 30, 2010) (citing Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir.1997)).  Typically, this means that a party "must assert rights or have rights asserted against them, that arise from *related activities*-a transaction or an occurrence or a series thereof." Id. (emphasis in original) (citation omitted).  In Bravado, the district court found that there were sufficient allegations of transaction-relatedness as to the first group.  Id.  It did not sever defendants that were part of the same chain of distribution.  Id. at *5  (Maggi Fashion Group supplied Defendant ClothingIsland.com with its infringing merchandise).

In this Circuit, the rule simply requires "related activities" and "similarity in the factual background of a claim." Jacques v. Hyatt Corp., No. C11-05364 WHA, 2012 WL 3010969, at *3 (N.D. Cal. July 23, 2012). In Jacques, plaintiff sued Hyatt for negligence and premises liability based on a fall he had while descending stairs at the

1   Hyatt hotel. Id. at 1.  He suffered a ruptured patella tendon.  Id.  Subsequently, two

2   months later, plaintiff was wearing Defendant Medical Technology's orthopedic knee

3   brace to stabilize his knee after the injury incurred at the hotel.  Id.  While descending

4   some stairs, he fell and his patella tendon re-ruptured and required another surgery.  Id.

5   The court denied the motion to sever concluding that "the injury and re-injury occurred

6   to the same body part in exactly the same way, the second accident would not have

7   occurred but for the first, and there are overlapping damages."  Id. at 3.  The court

8   concluded the threshold "series of occurrences" requirement was met.  Id. at 4.

9       The cases cited by Handbag Defendants concern cases where the defendants

10  independently infringed the same copyright, trademark, or patent and were not

11  considered part of the same transaction or occurrence.  See Golden Scorpio Corp. v.

12  Steel Horse Bar & Grill, 596 F. Supp. 2d 1282, 1285 (D. Az. 2009) (court held

13  improper joinder as plaintiff brought suit against thirteen other business entities across

14  the U.S. alleging use of its trademark name as defendants were independent, separate

15  and distinct from any other defendant); Arista Records LLC v. Does 1-4, 589 F. Supp.

16  2d 151, 154-55 (D. Conn. 2008) (record companies copyright infringement action

17  against pseudonymous university defendants that downloaded popular songs using

18  various peer-to-peer file sharing networks failed to alleged that defendants conspired

19  or acted jointly); In re EMC Corp., 677 F.3d at 1359 (defendants are alleged to

20  independently offer services that provide online backup and storage for home or

21  business computer use that infringed plaintiff's patent).

22      This case is distinguishable as it is not a case where Brighton sued Defendants

23  independently with no factual commonality or related activities.  The connecting party

24  that satisfies the "same transaction, occurrence or series of occurrences" is Texas

25  Leather.  Both sets of Defendants supplied allegedly infringing products to Texas

26  Leather to be sold in its retail store.  Moreover, there is overlap between the watch and

27

28

1   handbag claims as the same copyrighted works appear on handbags and watches.[4]  The

2   Court concludes that the allegations as to all Defendants arise out of the "same

3   transaction, occurrence, or series of transactions or occurrences."

4        Even if the requirements of Rule 20 have been satisfied, a trial court must also

5   look at other relevant factors to determine whether permissive joinder of a party

6   comports with the principles of fundamental fairness.  Desert Empire Bank v. Ins. Co.

7   of North America, 623 F.2d 1371, 1375 (9th Cir. 1980).  These factors include judicial

8   economy, prejudice and whether separate claims require different witnesses and

9   documentary proof.[5]  Jacques, 2012 WL 3010969, at * 2 (citing SEC v. Leslie, No.

10  C07-3444, 2010 WL 2991038, at *4 (N.D. Cal. July 29, 2010)).

11  **B.    Judicial Economy**

12       Brighton argues that judicial economy will be facilitated given the common core

13  questions of law and fact if the Court denies the motion to sever.  If severance is

14  granted, it will be required to put on the same evidence in two different trials as to: 1)

15  the history of Brighton, its development of the "Brighton look" and the ornamental

16  metal hardware used on both its watches and handbags; 2) its design, creation, and

17

18       [4]Handbag Defendants claim that while the registered copyrights are exactly the
    same, the commercial embodiment of those copyrights, as they appear on the watches
19  that Brighton sells, are quite different from the way those copyrights look on
    Brighton's handbags.  These differences will only confuse the jury.  This argument
20  concerns one of the fundamental fairness factors discussed below.

21       [5]Handbag Defendants and Brighton disagree on the factors the court should
    consider in evaluating permissive joinder.  Handbag Defendants assert that the factors
22  in In re EMC Corporation, 677 F.3d 1351 (Fed. Cir. 2012) control while Brighton
    relies on the factors from SEC v. Leslie, No. C07-3444, 2010 WL 2991038, at *4 (N.D.
23  Cal. July 29, 2010) which relies on a Eastern District of New York case.
         It is not clear which test prevails as the Ninth Circuit has not ruled on this issue
24  and district courts have looked to both cases.  The factors in In re EMC are more
    amenable to patent cases as it requires the court to look at "whether the alleged acts of
25  infringement occurred during the same time period, the existence of some relationship
    among the defendants, the use of identically sourced components, licensing or
26  technology agreement between the defendants, overlap of the products' or processes'
    development and manufacture, and whether the case involves a claim for lost profits."
27  In re EMC, 677 F.3d at 1360-61.  The factors in Leslie address the courts' concern
    whether joinder of a party comports with the principles of fundamental fairness.  See
28  Desert Empire Bank, 623 F.2d at 1375.  Accordingly, the Court finds the factors in
    Leslie more relevant in this case.

1    registration of the copyrighted works incorporated into both handbags and watches,

2    including in certain instances the same copyrighted designs; 3) infringement of

3    Brighton's copyrights by Texas Leather and its suppliers; 4) willfulness of Texas

4    Leather's infringement; and 5) damages suffered by Brighton as a result of Texas

5    Leather's infringement.  Moreover, Texas Leather and its co-defendants intend to put

6    on the same evidence to support their defenses which includes a claim of lack of

7    originality.

8         AIF similarly argues that two trials will increase judicial inefficiency.  There is

9    substantial overlap of issues between the watch designs and handbag designs

10   including: (1) same overlapping copyright issues of facts and law relating to

11   ownership, validity/invalidity, and alleged infringement; 2) same plaintiff, plaintiff's

12   witnesses, and plaintiff's experts; 3) same Texas Leather defendant and defense

13   witnesses; 4) same indemnification issues rased by Texas Leather against defendants;

14   and 5) same copyright designs asserted against watch and handbag designs.

15        In their reply, Handbag Defendants assert that if there are two trials, many of the

16   issues determined by the first jury will be precluded from consideration by the second

17   trial based on collateral estoppel which will substantially shorten the second trial.  This

18   will reduce judicial inefficiency.

19        Based on what is before the Court, two separate trials will produce a significant

20   amount of overlap in witnesses, issues of fact and law, and defenses.  This would result

21   in judicial inefficiency and not promote judicial economy.

22        **C.    Prejudice**

23        Handbag Defendants further contend that they will be prejudiced if they have

24   their trial joined with the Watch Defendants.  They contend they will be required to pay

25   their attorneys for days of extra time involved in sitting through trial related solely to

26   the Watch Defendant and will save them "tens, if not hundred, of thousands of dollars

27   in attorneys' fees."  (Dkt. No. 232 at 17.)  They also argue that the case may confuse

28   the jury as any potential bad acts by the Watch Defendants could, in the eyes of a jury,

be held against the Handbag Defendants.  Moreover, jurors will find it virtually impossible to separate the claims and match them with the corresponding Defendants especially where the copyrights are the same but the commercial embodiment of those copyrights as they appear on the watches and handbags are quite different.

AIF asserts that severance will not create jury confusion and that the claim is based on speculation.  It contends that the legal issues will overlap as well as a significant amount of the facts.  In fact, AIF argues that two trials would cause more potential for confusion as there will be two juries to determine whether the copyrighted work and the alleged infringing work are substantially similar.  Two trials will result in double the amount of costs and expenses and waste the time and resources of the court, witnesses, juries and the parties.  As AIF discussed above, there are also overlapping copyright issues of fact and law and overlapping witnesses and parties. While Handbag Defendants argue that it will expend attorneys' fees in sitting through the watch related portion of the proceedings, Brighton and Texas Leather will both incur significantly more attorneys' fees if they have to prepare and participate in two trials.  Moreover, the economic burden on the Court to conduct two trials would be great.

Similarly, Brighton argues that conducting two trials will result in tremendous inefficiencies as Brighton and Texas Leather would be required to present much of the same evidence to two separate juries.

The Handbag Defendants' argument regarding jury confusion is speculative. The Court is satisfied that proper jury instructions and a special verdict form can minimize any confusion.  Further, any prejudice to Handbag Defendants by trying all of the claims in one trial will be outweighed by the greater prejudice to the remaining parties if the case is severed.

### D.    Witnesses and Documentary Proof

Brighton argues that both percipient and expert witnesses will testify for both sets of defendants.  The witnesses that will need to testify at both trials will be Jerry

1    Kohl, Brighton's founder, the Brighton designers who created the copyrighted works,

2    Brighton's President of sales and marketing, Defendant Richard Ohr, the owner of

3    Texas Leather, and other Texas Leather employees involved in the infringing sale. The

4    parties' experts on the issue of copyrightability and damages will address both claims

5    as defendants have jointly retained five experts to testify. These witnesses will be

6    inconvenienced as they will have to travel and testify twice and Brighton and Texas

7    Leather will incur substantial additional attorneys' fees.

8         Handbag Defendants do not address this issue as they relied on the factors in <u>In</u>

9    <u>re EMC</u> which does not consider witness and documentary proof as a factor. Despite

10   their failure to address this factor, there is no indication that these common witnesses,

11   percipient and expert, would not have to testify twice.

12        Here, Handbag Defendants move to sever for purposes of trial. Discovery is

13   complete, summary judgment motions have been ruled on, and the case is ready for

14   trial. After consideration of the factors concerning fairness, the Court concludes that

15   they do not weigh in favor of severance. Because of the significant amount of common

16   witnesses, and common issues of fact and law, severance would not result in judicial

17   economy. Handbag Defendants have not demonstrated that they will be unfairly

18   prejudiced unless a severance is granted. In sum, Handbag Defendants have failed to

19   show that they are entitled to severance pursuant to Rules 20(a)(2), 20(b), and 21.

**Conclusion**

21        Based on the above, the Court DENIES Defendants' motion to sever claims for

22   trial.

23        IT IS SO ORDERED.

24

25   DATED:  June 11, 2013

26

27   HON. GONZALO P. CURIEL
     United States District Judge

28