# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIGHTON COLLECTIBLES, INC., <br><br> Plaintiff, <br><br> vs. <br><br> RK TEXAS LEATHER MFG; K & L IMPORTS, INC.; et al., <br><br> Defendants, <br><br> and related cross claims. | CASE NO. 10-CV-419-GPC (WVG) <br><br> **ORDER DENYING DEFENDANTS' MOTION FOR ISSUE PRECLUSION SANCTIONS** <br><br> [Dkt. No. 265.] |

On August 5, 2013, Defendants K&L Imports, Inc.; NHW, Inc.; Joy Max Trading, Inc.; YK Trading, Inc.; and AIF Corporation filed a motion for issue preclusion sanctions against Plaintiff for failure to comply with the pretrial disclosure requirements as to actual damages. (Dkt. No. 265.) Plaintiff filed an opposition on August 23, 2013. (Dkt. No. 277.) Defendants filed a reply on August 30, 2013. (Dkt. No. 278.)

**Background**

On February 24, 2010, Bright filed its original complaint against Defendant RK Texas Leather Mfg., Inc. ("Texas Leather"). (Dkt. No. 1.) On December 6, 2010, Texas Leather filed a third party complaint against K&L Import, Inc.; NHW, Inc. d/b/a/ Sense Trading Co.; YK Trading, Inc.; JCNY; Joy Max Trading, Inc.; AIF Corporation d/b/a Global Time International, Lucky-7 International and Time World. (Dkt. No. 17.)

On February 28, 2011, Plaintiff filed a first amended complaint against Texas

Leather; K&L Imports, Inc.; NHW, Inc.; YK Trading, Inc.; JC NY; Joy Max Trading, Inc.; and AIF Corporation. (Dkt. No. 51.) On August 31, 2011, Plaintiff filed a second amended complaint against Texas Leather; Richard Ohr, Texas Leather's owner; K&L Imports, Inc; NHW, Inc.; YK Trading, Inc; Joy Max Trading, Inc.; and AIF Corporation. (Dkt. No. 87.) The SAC alleges causes of action for copyright infringement; trade dress infringement; false designation of origin; common law unfair competition; statutory unfair competition; and trademark infringement. (Id.) On November 8, 2011, Defendant Richard Ohr filed a cross claim against K&L; NHW; Joy Max, YK Trading, Inc.; JCNY and AIF Corporation. (Dkt. No. 101.)

On August 5, 2013, Defendants moved for issue preclusion sanctions pursuant to Federal Rule of Civil Procedure 37(c)(1) for failure to comply with the pretrial disclosure requirements pursuant to Federal Rule of Civil Procedure 26. (Dkt. No. 265.) Defendants contend that Plaintiff failed to disclose its actual damages theory. Plaintiff argues that all information about its actual damages calculations has already been presented to Defendants during discovery.

**Discussion**

**I.    Federal Rule of Civil Procedure 37(c)(1)**

Federal Rule of Civil Procedure ("Rule") 26(a) provides that a party's initial disclosures provide a "computation of each category of damages claimed by the disclosing party." Fed. R. Civ. P. 26(a)(1)(A)(iii). Rule 26(e)(1)(A) requires disclosing parties to supplement their prior disclosures "in a timely manner" when the prior response is "incomplete or incorrect." Fed. R. Civ. P. 26(e)(1)(A). Rule 37(c) provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

District court have discretion to impose discovery sanctions. Payne v. Exxon Corp., 121 F.3d 503, 507 (9th Cir. 1997). The remedies of issue preclusion sanctions

exist for a discovery abuse that is so extreme and prejudicial that no lesser remedy will cure the harm. Synapsis, LLC v. Evergreen Data Sys., Inc., No. C05-1524 JF(RS), 2006 WL 2884413, at *1 (N.D. Cal. 2006) (citing In re Exxon Valdez, 102 F.3d 429, 432-33 (9th Cir. 1996)).

While Defendants cite to cases where courts have excluded evidence at trial relating to damages that were not disclosed in the Rule 26(a)(1)(C) initial disclosures, these cases involved the failure to disclose the damage theory and computation. See Roberts v. Ground Handling, Inc., No.04 Civ. 4955(WCC), 2007 WL 2753862, at *4 (S.D. N.Y. 2007) (excluding newly advanced damage theory); Wilson v. Pope, 1997 WL 403684, at *8 (N.D. Ill. July 14, 1997) (evidence precluded of damages not disclosed during discovery and only disclosed until final pretrial order). The instant situation is different. While Plaintiff has properly disclosed its damages theory, it has not properly supplemented its disclosures to provide the computation of damages.

Defendants argue that the only damage theory and computation provided by Plaintiff was excluded by the Court in its order on Defendants' motion for summary judgment. They assert that no other damage theories or other damage computations have been provided as required under Rule 26(a). Defendants argue that Plaintiff should be precluded from presenting any theory of actual damages, including without limitation damages based on claimed lost sales, lost profits, damage to goodwill or corrective advertising.

Plaintiff contends that it disclosed the theory of actual damages it intends to present at trial during discovery and the information supporting its method of calculating actual damages is in Dr. Robert Wunderlich's expert report.

On December 30, 2011, in Plaintiff's response to special interrogatory No. 12, Plaintiff responded:

> The distribution of look-alike Brighton products harms Brighton. Some customers or prospective customers of Brighton would purchase authentic Brighton products but instead purchase look-alike products as cheaper substitutes or because they erroneously believe the look-alikes are affiliated with Brighton. Some customers or prospective customers stop buying Brighton products and/or stop shopping at

> Brighton stores altogether because the mass advertising and sales of Brighton knockoffs render Brighton, its look and its copyrighted ornamental designs more commonplace and less unique and desirable.

(Dkt. No. 277-1, Wesley Decl., Ex. 1 at 3.) This response explains Brighton's damage theory based on loss profit and damage to goodwill. Therefore, Plaintiff has sufficiently disclosed its damage theory to Defendants. The issue is whether Plaintiff has disclosed the "computation" of the damages it seeks.

Brighton alleges that all evidence in support of its damages calculations were disclosed in Plaintiff's expert report and during the expert's deposition.[1]

Plaintiff contends that the evidence in discovery reveals the following:

• Brighton business records documenting the historical average profit per transaction at a Brighton store during the relevant time period ($20.30);

• An estimate of the number of Brighton customers and potential customers (3.5 million — i.e., approximately 1 out of every 100 people in this country);

• Brighton business records documenting the number of units of Brighton products sold during the period of infringement (10.57 million);

• Consumer survey results evidencing the average number of Brighton products owned by a Brighton customer (6);

• Consumer survey results evidencing the percentage of Brighton customers who have seen lower-priced knockoffs in the marketplace (40.9%);

• Consumer survey results evidencing the percentage of Brighton customers who would reduce or stop their purchases of authentic Brighton products based on the presence of Defendants' knockoff bags in the market (25.7%);

• Synthesizing the evidence above, an estimate of the number of Brighton customers and potential customers who would reduce their Brighton purchases

---

[1] On May 10, 2012, Defendants deposed Robert Wunderlich, Ph.D. concerning his expert report and specifically asked him questions about Schedule D-1 of his expert report concerning "Illustration of Applying Consumer Survey Data to Estimate Lost Sales." (Dkt. No. 277-1, Wesley Decl., Ex. 4, Wunderlich Depo. at 142:6-156.) During the deposition, Wunderlich was questioned as to his calculations of the consumer survey data provided by Frazier to estimate lost sales. (Id.)

| | |
|---|---|
| 1 | due to Defendants' knockoffs (367,896 — 3.5 million x 40.9% x 25.7%); |
| 2 | • An estimate of the percentage of infringing product in the marketplace |
| 3 | attributable to each defendant (Joy Max 34%; NHW 1.2%; K&L 5.3%). |

Therefore, according to Brighton, a reasonable jury could calculate damages as to Defendant K & L as follows:

> The estimated number of Brighton customers who would reduce their purchases due to the presence of Brighton knockoffs (367,896) x a single lost transaction (1) x the amount lost in the transaction ($20.30) x the percentage of knockoffs in the market attributable to K&L (5.3%) =$395,819.

(Dkt. No. 277, P's Opp. at 9.)

"The party seeking damages must also timely disclose its theory of damages as well as the computation of those damages." LT Game Internt'l Ltd. v. Shuffle Master, Inc., No. 12cv1216-GMN, 2013 WL 321659, at *6 (D. Nev. Jan. 28, 2013) (citing City and County of San Francisco v. Tutor-Saliba Corp., 218 F.R.D. 219, 222 (N.D. Cal. 2003)). "Computation" contemplates some analysis beyond merely setting forth a lump sum amount. Id. While the computation of damages does not need to be detailed early in the case prior to relevant discovery, the plaintiff must supplement its initial damages computation to reflect information obtained during discovery. Id.

While Plaintiff disclosed all the evidence underlying the calculation during discovery, such as the sales data and consumer survey results which are disclosed in the expert report, it did not present the method or formula for calculating actual damages until it filed its opposition to the instant motion. The computation for actual damages should have been disclosed in a supplemental disclosure as required under Rule 26(e)(1)(A) especially after the Court's ruling on Defendants' Daubert motion. In order to determine whether to exclude any evidence or argument at trial concerning actual damages, the Court must determine whether the failure to disclose was "substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1) "The information may be introduced if the parties' failure to disclose is substantially justified or harmless." Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001).

## II. Substantially Justified

Plaintiff contends that it was substantially justified in believing that it had complied with Rule 26 because Defendants had all the evidence underlying Brighton's damage theory for over a year and a half. Moreover, even if a Rule 26 violation occurred, exclusion of evidence is not appropriate. Defendants argue Plaintiff cannot demonstrate any substantial justification for its failure to provide the damage calculation in light of their repeated requests.

The Court agrees with Defendants that the repeated requests by Defendants seeking actual damage calculations indicate that they did not fully understand the nature and computation of the damages Plaintiff sought in light of the Court's ruling excluding Plaintiff's actual damages claim based on the Ratio Framework. The fact that Defendants had the underlying data and facts does not excuse Plaintiff from supplementing its disclosures to provide the computation of damages based on the underlying data and facts as required under Rule 26. Accordingly, Plaintiff was not substantially justified in not disclosing the damage calculations.

## III. Harmless

Plaintiff argues if there was a failure to disclose, it was harmless since Defendants still have about two months before trial to refute Brighton's damages claim. Defendants do not specifically explain how they will be prejudiced besides arguing that the calculation has not yet been provided. The failure to disclose is harmless since the information on which these damages are calculated have been in Defendants' possession. See Maharaj v. Cal. Bank & Trust, 288 F.R.D. 458, 463 (E.D. Cal. 2013) (citing Creswell v. HCAL Corp., No. 04cv388 BTM (RBB), 2007 WL 628036, at *2 (S.D. Cal. Feb. 12, 2007) (holding Plaintiff's failure to provide a computation of lost employee benefits in an ADA and FEHA disability discrimination action against his former employer was harmless "as Defendant has the records of the benefits it paid to Plaintiff")). Since Defendants have had the underlying data and surveys, it appears that Defendants have conducted intensive analysis as to Dr. Wunderlich and Dr. Frazier's

reports and/or surveys and the underlying data involved as revealed by the arguments presented in their motion. Therefore, the harm to Defendants for Plaintiff's failure to disclose the specific computation of actual damages is harmless.

**Conclusion**

Based on the above, the Court DENIES Defendants' motion for issue preclusion sanctions pursuant to Rule 37.

IT IS SO ORDERED.

DATED: September 3, 2013

HON. GONZALO P. CURIEL
United States District Judge