# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIGHTON COLLECTIBLES, INC., <br><br> Plaintiff, <br><br> vs. <br><br> RK TEXAS LEATHER MFG; K & L IMPORTS, INC.; et al., <br><br> Defendants, <br><br> and related cross claims. | CASE NO. 10-CV-419-GPC (WVG) <br><br> **ORDER DENYING DEFENDANT AIF'S MOTION TO AMEND OR ALTER JUDGMENT; AND DENYING DEFENDANT AIF'S MOTION FOR RECONSIDERATION** <br><br> [Dkt. No. 426, 427.] |

Before the Court is Defendant AIF's motion to amend or alter judgment pursuant to Federal Rule of Civil Procedure ("Rule") 59(e). (Dkt. No. 427.) AIF also filed a motion for reconsideration of the Court's order filed on May 27, 2014. (Dkt. No. 427.) An opposition was filed by Plaintiff on July 18, 2014. (Dkt. No. 440.) Replies were filed on August 1, 2014. (Dkt. No. 445, 446.) Based on the briefs, the supporting documents, and the applicable law, the Court DENIES Defendant AIF's motion to amend or alter judgment; and DENIES Defendant AIF's motion for reconsideration.

## Background

On February 24, 2010, Plaintiff filed a copyright, trademark, and trade dress infringement complaint against numerous defendants. (Dkt. No. 1.) AIF was later added to the case, in February 2011, on Brighton's First Amended Complaint solely on copyright infringement. (Dkt. No. 51.)

Starting October 23, 2013, the Court held a five-day jury trial on Plaintiff's First Amended Complaint alleging copyright infringement against Defendant AIF. On October 30, 2013, the jury returned a special verdict in favor of Plaintiff and against Defendant AIF. (Dkt. No. 386.) Specifically, the jury found that AIF infringed upon valid copyrights owned by Brighton. (Id.) Out of 51 of AIF's designs, the jury found infringement for 39 of the designs encompassing 11 copyrights. (Id.) The jury also found that AIF did not engage in copyright infringement willfully. (Id.) For damages, the jury awarded Plaintiff $1,000,000 in lost profits and $1,050,000 in statutory damages. (Id.) On May 27, 2014, the Court denied Defendant AIF's motion for judgment as a matter of law, and in the alternative for a new trial. (Dkt. No. 417.) Based on this, Brighton elected the jury's lost profit damages award of $1,000,000.

On June 19, 2014, Plaintiff filed a request for entry of final judgment. (Dkt. No. 424.) On June 20, 2014, the Court entered judgment. (Dkt. No. 425.)

## Discussion

**A.   AIF's Motion to Alter or Amend Judgment**

A party may move to have the court amend or alter a judgment within twenty eight days after entry of the judgment under Federal Rule of Civil Procedure 59(e). Fed. R. Civ. P. 59(e). "Since specific grounds for a motion to amend or alter are not listed in the rule, the district court enjoys considerable discretion in granting or denying the motion." Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1111 (9th Cir. 2011) (quoting McDowell v. Calderon, 197 F.3d 1253, 1255 n. 1 (9th Cir. 1999) (citation omitted)). However, amending a judgment after its entry remains "an extraordinary remedy which should be used sparingly." Id.

In general, there are four grounds upon which a Rule 59(e) motion may be granted: "(1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling

law." Id.  The court has discretion in determining whether to amend or alter the judgment under Rule 59(e).  See id.

Defendant AIF moves pursuant to Rule 59(e) arguing that it is necessary to correct manifest errors of fact upon which the judgment rests and to prevent manifest injustice since the judgment is incomplete.  First, AIF contends that the judgment does not identify three additional copyrights asserted by Plaintiff that were dismissed with prejudice.  Second, the judgment does not identify the accused products that were found to infringe and not to infringe.  Third, the judgment does not include the fact that Defendant was found not to have infringed willfully.  Defendant contends that amending the Judgment is important because Brighton, on November 6, 2013, filed suit against Defendant in Los Angeles Superior Court for breach of warranty against infringement and equitable indemnity on the grounds that Brighton stepped into the shoes of Texas Leather as its assignee.[1]  (Dkt. No. 427-4, Walker Decl., Ex. B.)  In that complaint, Brighton is suing Defendant for $2 million as the assignee of Texas Leather.  For purposes of the state court action, AIF wants to make sure there no "room for doubt" when the state court reviews the rulings in this case.[2]

Plaintiff opposes arguing that the judgment is complete because it is accurate, brief and consistent with the model form in Form 70 in the Appendix of Forms to the Federal Rule of Civil Procedure.  Brighton also states it does not dispute any of the facts that Defendant seeks to add to the judgment nor can it reasonably dispute those facts in any other proceeding.  Plaintiff asserts that the facts are part of the record of the case and indisputable.  Brighton also argues that AIF has not demonstrated that the

---

[1] In this case, Texas Leather and Brighton entered into a settlement agreement prior to trial where Texas Leather assigned its rights to Brighton for indemnification against AIF, the vendor of some of Texas Leather's infringing products. AIF notes that Brighton already collected $1 million from Texas Leather in settlement, will collect $1 million from AIF from the jury's verdict and seeks an additional $2 million in the state court action.

[2] AIF also requests that the Judgment be stayed until a determination of the motion for attorneys' fees. However, as Plaintiff argues, and the Court agrees the issue will be moot since the Court will rule on the motion for attorneys' fees at the same time as the instant motion.

additions are necessary to correct clear error or to prevent manifest injustice.

Here, AIF essentially seeks to add additional rulings in the Judgment to reflect the jury's verdict and to reflect the contents of an order granting Defendant's motion to dismiss for lack of prosecution of the Dublin, Ventura and Victoria designs. (See Dkt. No. 387.) The Court notes that the state court may review the Court's docket to determine the Court's rulings in this case and the jury's verdict as to what accused items were found to infringe and not to infringe and that the infringement was found to be not willful. AIF's reasons for seeking to amend the judgment, in order to make sure there is no "room for doubt" for the state court, does not support the standard under Rule 59(e) to correct manifest errors of fact or manifest injustice. Accordingly, the Court DENIES AIF's motion to alter or amend judgment.

### B.    AIF's Motion For Reconsideration

AIF moves for reconsideration of the Court's order denying AIF's motion for judgment as a matter of law, and in the alternative, for a new trial on the ground that "new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application" pursuant to Local Civil Rule 7.1(i)(1). Plaintiff opposes arguing the Rule 59(e) standard applies and AIF has not demonstrated that the Court should reconsider its order.

A motion for reconsideration filed within ten days of entry of judgment is treated as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e). American Ironworks & Erectors, Inc. v. N. American Const. Corp., 248 F.3d 892, 898-99 (9th Cir. 2001). A motion for reconsideration, under Federal Rule of Civil Procedure 59(e), is "appropriate if the district court (1) is presented with newly discovered evidence; (2) clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." School Dist. No. 1J, Multnomah County, Or. v. AcandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993); see also Ybarra v. McDaniel, 656 F.3d 984, 998 (9th Cir. 2011).

In addition, Local Civil Rule 7.1(i)(1) provides that a motion for reconsideration

1 must include an affidavit or certified statement of a party or attorney "setting forth the
2 material facts and circumstances surrounding each prior application, including *inter*
3 *alia*: (1) when and to what judge the application was made, (2) what ruling or decision
4 or order was made thereon, and (3) what new and different facts and circumstances are
5 claimed to exist which did not exist, or were not shown upon such prior application."
6 Local Civ. R. 7.1(i)(1).

7 The Court has discretion in granting or denying a motion for reconsideration.
8 Fuller v. M.G. Jewelry, 950 F.2d 1437, 1441 (9th Cir. 1991). A motion for
9 reconsideration should not be granted absent highly unusual circumstances. 389
10 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999). "A motion for
11 reconsideration cannot be used to ask the Court to rethink what the Court has already
12 thought through merely because a party disagrees with the Court's decision. Collins
13 v. D.R. Horton, Inc., 252 F. Supp. 2d 936, 938 (D. Az. 2003) (citing United States v.
14 Rezzonico, 32 F. Supp. 2d 1112, 1116 (D. Az. 1998)). Moreover, a party cannot raise
15 arguments or present evidence for the first time when they could have been raised
16 earlier in the case. Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir.
17 2000).

18 On May 27, 2014, the Court issued an order denying Defendant AIF
19 Corporation's motion for judgment as a matter of law, and in the alternative, for a new
20 trial. (Dkt. No. 417.) In that order, the Court provides reasons why it denied
21 Defendant's motion. One of several reasons cited was the table of invoices of allegedly
22 infringing SKUs attached to AIF's damages expert David Drews' supplemental expert
23 report. (Dkt. No. 409-4 at 11-17.) The table of invoices showed that there were two
24 major customers of AIF where there was an absence of sales to these customers during
25 certain time periods. As a result, the Court concluded that Drews may not have
26 reviewed a complete set of invoices and this raised "grave doubts about the
27 completeness of the invoices disclosed." (Dkt. No. 417 at 12.) In addition, the Court
28 noted that the fact that AIF did not have any invoices with purchases from Texas

Leather, who purchased infringing watches from AIF, is "telling as to the completeness of the invoices." (Id.)

In its motion, Defendant presents the invoices of the two major customers during the time periods that the Court noted was missing and AIF's invoices to Texas Leather.

1. Defendant's invoices to Helby Import Co. from July 25, 2007 to January 2, 2008 and then after September 19, 2009 produced to Brighton on September 23, 2013;

2. Defendant's invoices to Brightlings from April 2007 to January 2008 and again from December 2008 and thereafter including beyond July 2009 (less a July 2, 2009 for sale of an accused product) produced to Brighton on September 23, 2013;

3. Defendant's invoices to Texas Leather from 2006 and 2007 produced by Defendant to Brighton on September 23, 2013 and which comprise the same invoices produced by Texas Leather in discovery and introduced as Exhibit 2 at trial.

(Dkt. Nos. 426-3, -4, -5, Walker Decl., Exs. A, B, C.) AIF contends that the Helby and Brightlings invoices were produced to Brighton and reviewed by Drews, its expert, and were not included in the table of invoices because these invoices did not contain any SKUs for accused product. Moreover, it argues that AIF produced to Brighton its invoices to Texas Leather. Therefore, it asserts that these documents refute the Court's finding that Plaintiff did not have a complete set of invoices.

While the Helby and Brightlings invoices are not "newly discovered evidence", as stated in standard for a motion for reconsideration, they are used to challenge the Court's factual determination concerning whether Drews had reviewed a complete set of invoices. There would have been no reason for AIF to have provided these documents prior to the instant motion. Therefore, the Court considers these documents in ruling on the motion for reconsideration. However, Defendant's invoices to Texas Leather was raised in the prior motion by Plaintiff; however, AIF did not address or present these invoices in its reply to refute Plaintiff's contentions. The Court declines

1  to consider these documents and arguments.  See Kona Enters., Inc., 229 F.3d at 890.

2  Based on the Helby and Brightlings invoices, the Court realizes that it may have
3  incorrectly analyzed the table of invoices in Drews' expert report; however, it was but
4  one of several reasons why the Court denied AIF's motion.  Therefore, this error does
5  not support the granting of AIF's motion for reconsideration.

6  In its order, the Court provided several reasons why Plaintiff was unable to
7  calculate lost profits.  The Court explained that the production of all the sales invoices
8  were "both untimely and incomplete which deprived Plaintiff from making a diligent
9  review of the records to establish a causal connection between the infringement and the
10 gross revenue reasonably associated with the infringement."  (Dkt. No. 417 at 10.)  The
11 Court questioned AIF's late disclosure[3] of 32,000 invoices on September 23, 2013, one
12 month before trial.  (Id.)  As a result, the late disclosures prevented Plaintiff and its
13 expert from thoroughly reviewing the records and conducting additional discovery.
14 (Id. at 11.)  Moreover, Drews' final supplemental expert report was not completed until
15 October 21, 2013, two days before trial.  (Id.)  In addition, no invoices were produced
16 for 2004 which accounted for half of the infringing products.[4]  (Id. at 12.)  Furthermore,
17 the invoices only accounted for 23 products out the 51 products at issue so 28 product
18 invoices were not produced.  (Id.)  Lastly, there were serious question about the
19 credibility of AIF's corporate representative, Imran Issa where most of his answers
20 were "I don't know" or "I don't remember" which prevented Plaintiff from obtaining

---

[3] Without providing any legal authority, AIF argues that Plaintiff waived the opportunity to preclude the late produced invoices before and at trial so the Court's reason supporting its ruling based on untimeliness of production of invoices and prejudice to Brighton should have been negated. The Court disagrees. While Brighton waived its opportunity to preclude from trial the late produced documents, Brighton could not reasonably review all 32,000 documents that it received one month before trial during which time it was preparing for trial that involved several defendants involving a large number of infringing products. Moreover, as stated above, even with these late produced records, the record was still not complete. Therefore, Plaintiff could not make a reasonable estimate of lost profits. Lastly, credibility issues as to Issa also played a role in the Court's decision.

[4] While AIF raises a statute of limitations argument that would preclude any damages in 2004, this issue was not raised or determined at trial.

any useful information to calculate lost profits. (Id.) Despite AIF's argument regarding the invoices presented in Drews' report, the Court concludes that the jury's verdict of $1,000,000 is not against the "great weight of the evidence" or that the jury reached a "seriously erroneous result." E.E.O.C. v. Pape Lift, Inc., 115 F.3d 676, 680 (9th Cir. 1997).

AIF also argues that it was Brighton's burden to show revenues attributable to infringing product, but the Court improperly imposed the burden on Defendant to dispel Brighton's improper reliance on AIF's gross revenues of $55,000,000 from all products regardless of infringement. The Court disagrees.

As acknowledged by AIF, the Ninth Circuit applies the general rule that "[t]he plaintiff has . . . the burden of establishing the defendant's gross profits from the infringing activity with reasonable certainty", provided that the plaintiff is given access to records from which a "reasonable estimate" could be made. Lindy Pen Co., Inc. v. Bic Pen Corp., 982 F.2d 1400, 1408 (9th Cir. 1993). In Cosmos Jewelry, Ltd v. Po Sun Hon Co., 2009 WL 766517 (9th Cir. 2009), the Ninth Circuit held that plaintiff was entitled to the award of the total amount of profits from the infringing period where plaintiff and the district court could not reasonably account for defendant's profits or sales from infringing jewelry less non-infringing jewelry. Id. at *2.

In its order in this case, the Court noted that the burden was on Plaintiff to demonstrate lost profits; however, Brighton was unable to provide a "reasonable estimate" based on what AIF presented to it. The Court looked to AIF's damages expert, Drews, to highlight the fact that even AIF's expert did not have a complete set of invoices to make a determination on damages or to demonstrate that the damages attributed to the total gross revenues based on the sales of infringing products was in the range of $25,000. AIF also raises the fact that the Court noted that Drews states that as to numerous terms of "Western", "wstl" and "wstm" in the invoices, it was "impossible to ascertain whether they were related to an accused product or not. I have therefore not included any of these sales in my results, unless they also met one of the

product number criteria. (Dkt. No. 409-4, Drews' Suppl. Expert Report at 6.)." In its order, the Court concluded that "a large number of product items were not accounted for in Drews' calculations of gross sales of infringing products." (Dkt. No. 417 at 11.) AIF argues that reference to these terms does not equate to accused or infringing products. While that is true, the fact that Drews summarily failed to consider those terms, where some may involve accused or infringing products, demonstrates that his range of $25,000, which AIF sought to have the jury consider, may also not be accurate. See Cosmos Jewelry, Ltd., 2009 WL 766517 at *2 (reversal of damages award not required where, among other things, defendant had several opportunities to isolate his profits from the sales of infringing jewelry with a credible accounting, but failed to do so). Ultimately, the Court did not shift the burden to AIF to refute Brighton's reliance on AIF's gross revenues as a basis for determining lost profits but only highlighted the fact that a complete set of invoices may also have not been considered by its own expert.[5]

**Conclusion**

Based on the above, the Court DENIES Defendant AIF's motion to amend and alter the judgment, and DENIES AIF's motion for reconsideration.

IT IS SO ORDERED.

DATED: October 24, 2014

HON. GONZALO P. CURIEL
United States District Judge

---

[5] AIF also delves into arguments that it raised in its original motion. The Court declines to consider these arguments as they are not proper on a motion for reconsideration. See Collins v. D.R. Horton, Inc., 252 F. Supp. 2d 936, 938 (D. Az. 2003) (citing United States v. Rezzonico, 32 F. Supp. 2d 1112, 1116 (D. Az. 1998)).